JUSTICE GRAY,
specially concurring.
I concur in the Court’s opinion but not in everything which is said therein. I write separately to clarify what I perceive to be the thrust of the Court’s decision.
*100 In pertinent part, Blaze’s contract with the BIA required Blaze to furnish evidence that all operations to be performed under the contract were covered by workers’ compensation insurance. Blaze’s subcontract with Smith required Smith to be bound by all terms of the primary contract; this provision, of course, would include the BIA-Blaze contract term that all operations be covered by workers’ compensation insurance. Thus, Blaze’s contract with Smith, taken together with the BIA-Blaze contract required Smith to obtain workers’ compensation insurance. Smith did not do so and, therefore, liability is properly imposed on Blaze pursuant to § 39-71-405(1), MCA.
The portion of the Court’s opinion with which I do not agree states that the following language in the Blaze-Smith subcontract required Smith to acquire workers’ compensation coverage:
(h) To pay Industrial Insurance and all other payments required under Workmen’s Compensation laws as the same become due .... The quoted language does not require Smith to obtain workers’ compensation coverage because, as the Court correctly states, the Workers’ Compensation Act does not apply to Smith. Thus, because the Act did not require Smith to obtain coverage, this provision in the Blaze-Smith subcontract is not a proper basis for the Court’s conclusion in this case.
CHIEF JUSTICE TURNAGE concurs in the foregoing special concurrence.